

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. 0-3614
Re: Constitutionality of H. B.
No. 518, 47th Leg., effecting
county officers' salaries in
counties having a population
not less than 100,000 and not
more than 190,000.

    We are pleased to comply with your request of May 27th, for our opinion regarding House Bill No. 518, which was passed by the 47th Legislature over the Governor's veto on May 26, 1941. You ask the following two questions concerning this Act:

    1. "Is there any question as to the constitutionality of this bill?"

    2. "Does the Commissioners' Court of a county have any discretion as to whether or not they follow the provision of the bill?"

    Said House Bill No. 518, exclusive of the emergency clause, reads as follows:

    "An Act authorizing the Commissioners Courts in all counties having a population of not less than one hundred thousand (100,000) and not more than one hundred and ninety thousand (190,000) inhabitants, according to the last preceding Federal Census, to determine the maximum annual salary to be paid an officer named in Section 13, of Chapter 465 of the Acts of the Second Called Session of the Forty-fourth Legislature, where such officer's salary was based upon population under the laws existing on August 24, 1935,

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

on the basis of the population of said county,
according to the last preceding Federal Census;
provided that the Commissioners Courts in said
counties are authorized to fix the maximum annual
salary for the balance of the fiscal year 1941
after the effective date of this Act on the basis
of the Federal Census of 1940 and thereafter ac-
cording to the last preceding Federal Census;
and declaring an emergency.

"Be It Enacted By The Legislature Of The
State Of Texas:

"Section 1.  The Commissioners Courts in all
counties of Texas having a population of not less
than one hundred thousand (100,000) and not more
than one hundred and ninety thousand (190,000)
inhabitants, according to the last preceding Fed-
eral Census, in fixing the annual salary that
shall be paid an officer named in Section 13 of
Chapter 465 of the Acts of the Second Called Ses-
sion of the Forty-fourth Legislature, where such
officer's salary is determined in compliance with
the laws which existed on August 24, 1935, and is
based upon population, shall compute and fix the
salary of each of such officers at the maximum
amount which could have been paid each of such
officers under the laws existing on August 24,
1935, according to the Federal Census of 1940
and thereafter according to the last preceding
Federal Census; provided the Commissioners Courts
in said counties are authorized to amend the
present order of said Court fixing the maximum
salary of said officers for the fiscal year 1941
from and after the effective date of this Act
for the balance of said fiscal year, according
to the Federal Census of 1940, and thereafter
according to the last preceding Federal Census."

A careful comparison between the caption and the body
of this Bill indicates a conflict between them.  The caption
describes the Bill as:

"An Act authorizing the Commissioners
Courts * * * to determine the maximum salary
to be paid an officer * * *."  (Emphasis ours).

This language is, in our opinion, permissive, purporting to confer upon the commissioners' courts of the affected counties the power and discretion to determine the maximum salaries of county officers within specified limits. Webster's International Dictionary defines "authorize" to mean "to clothe with authority or legal power; to give a right to act."

The body of the Bill, on the other hand, gives no discretion to the commissioners' court, but directs that the officers' salaries shall be set at the maximum prescribed by this Bill in mandatory language:

"The Commissioners Courts * * * shall compute and fix the salary of each of such officers at the maximum amount * * *." (Emphasis ours).

Such divergence between the caption and body of the Act, renders the entire Act invalid, we believe, as being in violation of Article III, Section 35 of the Texas Constitution, which reads:

"Sec. 35. No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The purpose of such a constitutional provision is well stated in the following quotation from Cooley's Constitutional Limitations (7th Ed.), P. 205, which was quoted with approval in Hevnom v. Williamson, 103 S. W. 656, at P. 657:

"'It may be assumed as settled that the purpose of these provisions was. First, to prevent hodge-podge or "log-rolling" legislation; second, to prevent surprise or fraud upon the Legislature by means of provisions in bills of which the titles gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and, third, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects

Honorable Tom A. Craven, Page 4

of legislation that are being considered, in
order that they may have opportunity of being
heard thereon, by petition or otherwise, if
they shall so desire. * * *.'"

The application of Article III, Section 35, to statutes
wherein the caption conflicts with the body of the Bill has been
repeatedly announced by the courts of Texas. This rule is illus-
trated by the case of Ex parte Heartsill, 38 S. W. (2d) 803, where-
in the Court of Criminal Appeals declared:

"* * *. It has been held by the courts
that when the express verbiage of such title
limits and restricts the purpose of the bill,
any attempt to legislate otherwise in such bill
variant from the purpose prescribed, is in ex-
cess of the legislative power, and that a law
subject to this complaint is unconstitutional.
Ward Cattle & Pasture Co. v. Carpenter, 109
Tex. 105, 200 S. W. 521; Ex parte De Silvia,
88 Tex. Cr. R. 635, 229 S. W. 542; Hamilton
v. Ry. Co., 115 Tex. 455, 283 S. W. 475; Gulf
Production Co. v. Garrett (Tex. Com. App.) 24
S. W. (2d) 389; Bitter v. Bexar Co. (Tex. Com.
App.) 11 S. W. (2d) 163, 166; Singleton v.
State, 53 Tex. Cr. R. 626, 111 S. W. 736; Adams
v. Water Works Co., 86 Tex. 485, 25 S. W. 605,
606."

Inasmuch as the vice hereinabove indicated goes to the
very essence of House Bill No. 518, it is our opinion that the same
is unconstitutional and void in its entirety..

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 6 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Walter R. Koch
Walter R. Koch
Assistant

WRK:RS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN